IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| DOREN T. WAKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO.: 2:18-cv-477-MHT-GMB |
| ALABAMA DEPARTMENT OF PUBLIC HEALTH, *et al.*, | ) | |
| Defendants. | ) | |

## **ORDER**

Pending before the court is the Motion to Dismiss Or, in the Alternative, Motion for More Definite Statement and Brief in Support Thereof filed by Defendant Alabama Department of Public Health ("ADPH"). Doc. 13. On May 9, 2018, Doren T. Watkins, proceeding *pro se*, filed a complaint against ADPH and various individual defendants asserting several federal claims. Docs. 1, 3 & 4. Watkins' complaint is a form complaint designed for *pro se* plaintiffs bringing employment discrimination lawsuits. For the reasons stated below, it is ORDERED that the motion (Doc. 13) is GRANTED in part and DENIED in part. It is further ORDERED that Watkins shall file an amended complaint in accordance with the Federal Rules of Civil Procedure and the contents of this Order on or before **June 28, 2018**.

Watkins brings a number of claims pursuant to Title VII arising out of her employment with the Alabama Department of Health, including claims for race discrimination, retaliation, and hostile work environment. Doc. 1 at 1–5. However, as

currently constituted, Watkins' complaint constitutes a "shotgun pleading" that does not comply with the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each factual allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). Further, Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The primary purpose of these two rules is to enable the opposing party to respond adequately and appropriately to the claims against him or her, and to allow the court to "'determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted.'" *Weiland*, 792 F.3d at 1320 (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).

While Watkins' complaint itself is a relatively short form complaint, there is nothing simple or concise about her factual allegations, which include a narrative spanning the inception of her employment at ADPH in 1998 and a charge of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") in 2004. *See* Doc. 1 at 1–5. The factual allegations are vague and imprecise and include a host of legal conclusions. Thus, Watkins' complaint exhibits the characteristics of a shotgun pleading, which have been "roundly condemned" in the Eleventh Circuit "both for the confusion they cause litigants and the havoc they wreak on the docket." *McCall v. Bank of America, N.A.*, 2016 WL 5402748, at *1 (M.D. Ala. Sept. 26, 2016).

In *McCall*, the court explained that there are four varieties of shotgun pleadings:

> (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts," (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) complaints that fail to "separat[e] into a different count each cause of action or claim for relief," and (4) complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Id.* (quoting *Weiland*, 792 F. 3d at 1322–23). Here, while it is possible that some of Watkins' allegations may serve as the basis for viable employment discrimination claims, the complaint reads like an indecipherable "narrative suggesting, but not clearly and simply stating, a myriad of potential claims." *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). As such, the complaint contains the first three pleading flaws outlined in *McCall*, and it is virtually impossible for the court to determine whether Watkins has any viable Title VII claims.

First, Watkins has not separated her claims into separate causes of action with supporting factual allegations, making it impossible to know which factual allegations serve as the basis for each cause of action—let alone which specific Title VII claims she intends to assert in the first place. "It is not enough to clearly incorporate all facts pleaded in the amended complaint, as Plaintiff has done; rather, the supporting facts must be pleaded in the count asserting the cause of action." *McCall*, 2016 WL 5402748, at *2 (internal quotation marks omitted). Thus, Watkins' claims should be divided into separate counts, and each count must contain the relevant factual allegations supporting the claim for that count only.

Second, the complaint contains factual allegations that are vague, conclusory, and immaterial to any viable claim. For example, Watkins references events that occurred well before the two-year statute of limitations for Title VII claims,[1] and events that do not appear to have any connection to a cognizable claim under federal law, including references to her conversations with an EEOC investigator and a discussion of events related to her employment that occurred as early as 1998. Doc. 1 at 3–4. Other allegations are simply unclear or supported purely by conclusory legal terms like "discrimination" and "retaliation," leaving the court to guess what exactly Watkins is claiming, why each factual allegation is legally significant, and how the facts represent a violation of federal employment law.

Although it instructs Watkins to amend her complaint, the court has identified a number of potentially fatal legal flaws that could subject Watkins' suit to dismissal. As discussed, Watkins references events that occurred as early as 1998—long before the temporal cutoff for her January 11, 2018 charge of discrimination. Additionally, Watkins has asserted her Title VII claims against several individual defendants. However, "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). By amending her complaint, Watkins will have the opportunity to address these concerns and demonstrate her entitlement to relief in federal court.

---

[1] A charge of discrimination must be filed with the EEOC within 180 days of the date of the last alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Thus, unless Watkins can demonstrate some entitlement to equitable tolling, conduct that occurred before July 14, 2017, cannot serve as the basis for an actionable claim under Title VII. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

4

The court is of course mindful of Watkins' *pro se* status. While *pro se* pleadings are held to a lesser standard than those prepared by attorneys and "are thus construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), *pro se* litigants still must comply with the Federal Rules of Civil Procedure. *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). Moreover, courts in the Eleventh Circuit routinely instruct *pro se* litigants to correct their shotgun pleadings by filing an amended complaint that complies with the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v. Georgia*, 2016 WL 4709078 (11th Cir. Sept. 9, 2016); *Giles*, 359 F. App'x at 92–93; *Maglutas v. Samples*, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001) ("We have held that district courts confronted by [shotgun] complaints have the inherent authority to demand repleader sua sponte.").

Accordingly, it is ORDERED that ADPH's motion (Doc. 13) is GRANTED in part and DENIED in part. It is further ORDERED that Watkins shall file an amended complaint on or before **June 28, 2018**, that complies with the Federal Rules of Civil Procedure and the following requirements of this Order, including:

  a. The body of the amended complaint shall contain (1) clear and concise allegations of fact showing that Watkins is entitled to relief, and (2) causes of action set forth in separate counts of the complaint.

  b. The amended complaint must set forth allegations of fact that are simple, concise, sufficiently detailed, and material to each of Watkins' claims.

  c. Watkins must clearly indicate which specific factual allegations provide support for each count, and may not incorporate by reference all of her factual allegations into every count.

      d.      Watkins shall either omit her Title VII claims against the individual defendants, or demonstrate that she has other viable claims under either state or federal law against the named individuals.

Further, Watkins is warned that her failure to submit an amended complaint in compliance with this Order may result in a recommendation for the dismissal of this case.[2]

DONE this 7th day of June, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[2] *See, e.g.*, *Giles*, 359 F. App'x at 93 (holding that, after "guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal," the district court did not abuse its discretion by dismissing an amended complaint that did not comply with the requirements of Rules 8 and 10).